IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHIRLEY SHAWE, | § | |
| | § | No. 358, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Court of Chancery of |
| | § | the State of Delaware |
| v. | § | |
| | § | C.A. No. 2017-0306 |
| TRANSPERFECT GLOBAL, INC., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: September 7, 2017
Decided: September 14, 2017
Corrected: September 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

This 14th day of September 2017, having considered the notice and supplemental notice of appeal from interlocutory order, it appears to the Court that:

(1)     This request for interlocutory appeal is part of a long-running dispute between and among the co-founders and stockholders of TransPerfect Global, Inc., a Delaware corporation (hereinafter "the Company").  Respectively, co-founders Elizabeth Elting and Philip Shawe own fifty shares and forty-nine shares of the Company.  Shawe's mother, Shirley Shawe ("Ms. Shawe"), owns the remaining one share.  Under the Company's bylaws, Elting and Shawe served as the Company's Board of Directors.

(2)     In 2015, the Court of Chancery issued an opinion and order concluding that dysfunction in the Company's management and deadlock at the Board and stockholder level required the appointment of a Custodian to oversee the sale of the Company.[1]  In its decision, the Court of Chancery appointed a Custodian both "to oversee a judicially ordered sale of the Company" and, in the interim, "to serve as a third director with the authority to vote on any matters on which Shawe and Elting [could not] agree and which rise to the level that [the Custodian] deems to be significant to managing the Company's business and affairs."[2]  The Court of Chancery's opinion and order, and related orders governing the sale of the Company, were affirmed on appeal on February 13, 2017.[3]

(3)     On April 20, 2017, Ms. Shawe filed a complaint seeking an order compelling the Company to hold an annual meeting and a motion to expedite the proceedings.  Elting opposed that motion.  By order dated August 4, 2017, the Court of Chancery denied the motion to expedite and stayed further proceedings in the action pending the results of the sale process, which was nearing completion.[4]

---

[1] *In re Shawe & Elting LLC*, 2015 WL 4874733 (Del. Ch. Aug. 13, 2015).
[2] *Id.* at *32.
[3] *Shawe v. Elting*, 157 A.3d 152 (Del. 2017).
[4] *In re TransPerfect Global, Inc.*, 2017 WL 3499921 (Del. Ch. Aug. 4, 2017).  The court also granted a motion to enforce the sale order filed by Elting and denied Elting's motion for sanctions.

(4)     Ms. Shawe filed an application for certification of an interlocutory appeal from the August 4, 2017 order.  By order dated September 5, 2017, the Court of Chancery denied certification after concluding that the August 4 order did not decide a substantial issue of material importance requiring appellate review before a final judgment.[5]

(5)     Ms. Shawe has petitioned this Court, under Supreme Court Rule 42, to accept an interlocutory appeal from the Court of Chancery's August 4, 2017 order. Applications for interlocutory review are addressed to the sound discretion of the Court.  But, we agree with the Court of Chancery's thoughtful analysis of the application for certification and conclude, for the reasons stated by the court in its September 5, 2017 order, that Ms. Shawe's application for interlocutory review of the August 4, 2017 order does not meet the requirements of Rule 42 and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.[6]

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[5] *Shawe v. TransPerfect Global, Inc.*, 2017 WL 3877176 (Del. Ch. Sept. 5, 2017).
[6] Justice Valihura concurs in this Court's refusal of the interlocutory appeal given that the Court's February 13, 2017 affirmance of the Sale Order is now the law of the case; but she notes that she continues to adhere to the views expressed in her dissent to that Opinion.

3